# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**CHRISHENDRAL DAVENPORT**                                        **CIVIL ACTION**

**VERSUS**                                                                  **NO. 24-842-JWD-RLB**

**WALMART, INC.**

## NOTICE

       Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

       In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions of law, and recommendations within fourteen (14) days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

       **ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on July 23, 2025.

                          **RICHARD L. BOURGEOIS, JR.**
                          **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHRISHENDRAL DAVENPORT                               CIVIL ACTION

VERSUS                                               NO. 24-842-JWD-RLB

WALMART, INC.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Now before the Court is Defendant Walmart Inc.'s Rule 12(b)(6) Motion to Dismiss. (R. Doc. 9). Also before the Court is Chrishendral Davenport's ("Plaintiff") opposition. (R. Doc. 10).

I.     **Background**

On October 8, 2024, Plaintiff filed her *pro se* Complaint for Civil Case ("Complaint") solely against Walmart, Inc., ("Walmart"), seeking relief under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq*. ("Title III"). (R. Doc. 1). In her Complaint, Plaintiff asserts that she is a "morbidly physically disabled individual" without specifying the exact nature of her disability. (R. Doc. 1 at 3). Plaintiff alleges that, on "September 9, 2024, during Hurricane Francine," she attempted to purchase gasoline from Defendant but found she could not complete the transaction at the gas pump, either with a credit card or with digital payment through Google Wallet. *Id.* Plaintiff then had to walk "under an uncovered parking lot in the rain" before entering Defendant's store, where she was informed Defendant did not accept digital payment at all. *Id.* It is not clear from the record whether Plaintiff attempted to use her credit card to pay for gasoline once her digital payment was refused.

Ultimately, Plaintiff argues "Walmart's refusal to provide reasonable accommodations for [her] disability and to accept accessible digital payments during a natural disaster violate[d] Title III[.]" (R. Doc. 1 at 3). Plaintiff alleges this incident caused her significant emotional distress,

including "anxiety, panic attacks, nosebleeds, and frustration, which lasted for about a week." *Id.* Plaintiff represents that she contacted Defendant's ethics department regarding this incident, but "received an inadequate response that failed to address the ADA violation." *Id.* Plaintiff seeks compensatory damages for the emotional distress she suffered because of this incident. Plaintiff also seeks injunctive relief requiring Defendant to modify its policies "to ensure equal access to services for disabled individuals, including accepting digital payment methods." (R. Doc. 1 at 4).

Defendant filed the instant motion to dismiss on February 25, 2025, seeking dismissal of Plaintiff's claims on the basis that the Complaint "fails to set forth specific facts to allege that Plaintiff was denied full and equal enjoyment because of her disability." (R. Doc. 9-1 at 4). Defendant argues that Plaintiff's request for compensatory damages is not a remedy available under Title III, that Plaintiff failed to plead facts to show Defendant engaged in "discrimination" as defined by the ADA, and that Plaintiff did not establish there was any discriminatory effect resulting from Defendant's policies, as they applied equally to all customers. (R. Doc. 9-1).

Plaintiff opposes the instant motion, and argues Defendant did discriminate against her by refusing to accept digital payment as she is "unable to access traditional payment methods in the same manner as non-disabled individuals." (R. Doc. 10 at 1). Plaintiff also argues Defendant had a further duty to modify its policies during an emergency such as Hurricane Francine. Plaintiff seems to concede her claim for monetary damages, acknowledging "the ADA does not provide monetary damages for emotional distress[.]" (R. Doc. 10 at 2). Plaintiff, however, asserts she is still seeking injunctive relief and "statutory damages [pursuant to] Louisiana Equal Access to Public Accommodations Law[.]" *Id.* Plaintiff also requests that, should the Court find her Complaint deficient, she should be granted leave to amend.

## II.    Law and Analysis

### A.    Legal Standards

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to survive a Rule 12(b)(6) motion, a pleading's language, on its face, must demonstrate that there exists plausibility for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In determining whether it is plausible that a pleader is entitled to relief, a court does not assume the truth of conclusory statements, but rather looks for facts which support the elements of the pleader's claim. *Twombly*, 550 U.S. at 557. Factual assertions are presumed to be true, but "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" alone are not enough to withstand a 12(b)(6) motion. *Iqbal*, 556 U.S. at 678.

*Pro se* pleadings are to be held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see SEC v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (recognizing established rule that court "must construe [a *pro se* plaintiff's] allegations and briefs more permissively"). In most circumstances, a court should allow a plaintiff at least one chance to amend a complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (plaintiffs generally given one chance to amend unless "it is clear that the defects are incurable"). However, a court should deny leave to submit futile amendments "insufficient to state a claim." *Jamieson v. Shaw*, 772 F.2d 1205, 1209 (5th Cir. 1985).

Case 3:24-cv-00842-JWD-RLB     Document 11     07/23/25     Page 5 of 8

**B.     Analysis**

Title III provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Thus, to state a claim under Title III, Plaintiff must allege (1) that she is disabled as defined by the ADA; (2) that Defendant owns, leases, or operates a place of public accommodation; and (3) that Defendant discriminated against Plaintiff because of her disability. *Roush on behalf of E.R. v. Alexander*, 21-528, 2022 WL 846807, at *11 (M.D. La. Feb. 24, 2022), r*eport and recommendation adopted*, 2022 WL 842852 (M.D. La. Mar. 21, 2022) (citation omitted). Based on the facts alleged, this Court cannot conclude Plaintiff has pled a cause of action against Defendant.

As an initial matter, Plaintiff's Complaint does not sufficiently allege that she is a "disabled person" within the meaning of Title III. The ADA defines "disability" as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment[.]" 42 U.S.C. § 12102(1). Plaintiff alleges only that she is a "morbidly physically disabled individual[.]" (R. Doc. 1 at 4). Such a conclusory assertion of disability, without any further elaboration as to the nature and extent of the impediment, is not enough to sufficiently state a claim under Title III.[1] *See Adamore v. Southwest Airline Corp.*, No. H-11-0564, 2011 WL 6301398, at *7 (N.D. Tex. Dec. 15, 2011) (plaintiff failed to state a claim for which relief may be granted when she "summarily state[d] that she is disabled, she d[id] not identify her disability

---

[1] This is not to say this Court believes Plaintiff is not disabled, but merely that her Complaint does not sufficiently describe her alleged disability. Such a defect could be remedied through an amendment of the Complaint.

and pl[ed] no facts linking her alleged disability to any mistreatment or lack of accommodation"). Plaintiff has failed to allege with any specificity what limitations she experiences that foreclose the use of any form of payment other than digital payment.

Plaintiff's Complaint also fails to sufficiently allege that the Defendant discriminated against her because of her disability. While Title III provides many "discrimination" definitions, the one most applicable to Plaintiff's case defines discrimination as "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities[.]" 42 U.S.C. § 12182(b)(2)(A)(ii).[2] Defendant's restriction of the use of digital payment for all customers does not automatically become a violation of Title III merely because one of those customers also happens to be disabled. *See Smith v. Bastrop Medical Clinic, P.A., Inc.*, No. A-11-CA-330, 2011 WL 3844223, at *4 (W.D. Tex Aug. 29, 2011) ("[The plaintiff] fails to state which disability is the basis of his claim under the ADA or how the Defendants discriminated against him *because* of that disability. Instead, [plaintiff] merely states that he is disabled and was, at some point, denied service.") (emphasis in original). Plaintiff has not pled any facts that show a causal link between Defendant's treatment of her and her disability; she has not pled anything to suggest this incident would have been different had she been able-bodied.

Plaintiff does argue, however, that her disability makes her "unable to access traditional payment methods in the same manner as non-disabled individuals." (R. Doc. 10 at 1). Even so, without knowing more regarding Plaintiff's alleged disability, such a claim is impossible for this Court to evaluate and constitutes a mere conclusory statement. Moreover, this assertion is

---

[2] Plaintiff's claim best conforms with this definition as she is seeking a modification of Defendant's digital payment policy. (*See* R. Doc. 10 at 1) ("Title III requires businesses to modify their policies where necessary to ensure equal access. Walmart's refusal disproportionately impacted plaintiff because she is physically disabled[.]").

contradicted by the fact that Plaintiff admits she had access to and tried to use a credit card while attempting to pay, and was able to physically walk to the store in order to pay inside. (R. Doc. 1 at 3). In short, this Court fails to see how Defendant's restrictions prevent Plaintiff from fully and equally enjoying Defendant's store in any way that they would not identically affect a non-disabled person.[3]

Before dismissing Plaintiff's claims with prejudice, however, the Court considers whether to afford Plaintiff an opportunity to amend. Courts must "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). In exercising their discretion, courts consider factors such as "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Nolan v. M/V Sante Fe*, 25 F.3d 1043 (5th Cir. 1994) (citation omitted). As Plaintiff's failure to state a claim, in essence, stems from a lack of detail in her Complaint, it seems appropriate to allow Plaintiff to amend her Complaint to clarify her claim. It seems unlikely that any facts exist which could establish that Defendant's denial of the use of digital payment is specific to disabled individuals such that the denial was discriminatory. Yet, Plaintiff provides in her response to Defendant's motion to dismiss that she was "denied . . . in-store assistance," and the Court cannot be sure there was some necessary assistance Defendant did not provide.

It must be noted that Plaintiff's request for compensatory damages arising out of this incident fails as a matter of law, as monetary damages are unavailable under a Title III claim. *Perez v. Drs. Hosp. at Renaissance, Ltd*., 624 F. App'x 180, 183 (5th Cir. 2015) ("Damages are

---

[3] It is for this reason that Plaintiff's argument that Defendant's refusal to accept digital payment during Hurricane Francine "compound[ed] the discriminatory impact" fails. If Plaintiff has not established any discrimination at all, then the fact that there was a state of emergency at the time of this incident is immaterial.

not available for a Title III ADA claim brought by a private party, but a private party may seek injunctive relief."). Accordingly, Plaintiff's claim for compensatory damages under Title III is not viable, leaving only the possibility for Plaintiff to seek injunctive relief in any amended complaint.

Plaintiff argues she is also entitled to statutory damages under certain state law provisions that bear a resemblance to Title III, most likely referring to La. R.S. 46:1953. (R. Doc. 10 at 2). Because this claim was never made in the Complaint, the Court finds it inappropriate to consider here. Although such a claim would likely fail for the same reasons Plaintiff's claim under Title III fails, any amendment made to the Complaint may also specifically reference and plead any state court claims.

## III.    Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that Defendant Walmart Inc.'s Rule 12(b)(6) Motion to Dismiss (R. Doc. 9) be **GRANTED** such that Plaintiff's case only be dismissed without prejudice and with leave to amend.

**IT IS FURTHER RECOMMENDED** that Plaintiff be afforded leave to amend her Complaint, with Plaintiff's case to be dismissed with prejudice if she fails to cure the above-mentioned deficiencies by amending the Complaint within fourteen (14) days of the acceptance of this report and recommendation or as otherwise ordered by the Court.

Signed in Baton Rouge, Louisiana, on July 23, 2025.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**